Robert S. Reder (024117)
Kiri T. Semerdjian (033775)
BLYTHE GRACE PLLC
4040 East Camelback Road, Suite 275
Phoenix, Arizona 85018
Telephone: (602) 237-5366
Facsimile: (602) 237-5546
Email: robert@blythegrace.com
Email: kiri@blythegrace.com
Attorneys for plaintiff Michael Harker

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Harker,<br><br>    Plaintiff,<br><br>v.<br><br>Progressive Casualty Insurance Company,<br><br>    Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**(1) FMLA Interference (29 U.S.C. § 2615)**<br><br>**(2) FMLA Discrimination / Retaliation (29 U.S.C. § 2615)**<br><br>**(3) Intentional Infliction of Emotional Distress**<br><br>**(Jury Trial Demanded)** |

For his Complaint against Defendant Progressive Casualty Insurance Company, Plaintiff Michael Harker states as follows:

**Parties**

1. Plaintiff Michael Harker is an individual residing in Maricopa County, Arizona.

2. Defendant Progressive Casualty Insurance Company ("Progressive") is a for-profit corporation incorporated in the state of Ohio that regularly conducts business in Arizona, purposefully availing itself of the economic benefits and legal protections of Arizona.

3. At all times relevant to this Complaint, Progressive operated an office in Phoenix, Arizona, where Plaintiff was employed and where he was subjected to the conduct giving rise to this Complaint.

## Jurisdiction and Venue

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This action is authorized and instituted pursuant to the Family Medical Leave Act, 29 U.S.C. § 2611 *et seq.* (the "FMLA") and 29 C.F.R. § 825.220. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because these claims are so related to Plaintiff's claims arising the FMLA that they form the same case and controversy.

5. Progressive, by virtue of its own acts and omissions and by virtue of the acts and omissions committed by one or more of its agents and/or employees, as described in this Complaint, has caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, that give rise to both subject matter and personal jurisdiction of this Court.

6. Venue of this action lies in this Court pursuant to 28 U.S.C. § 1391(b) because the unlawful employment practices giving rise to Plaintiff's claims occurred in this District.

## General Allegations

7. Plaintiff worked as an insurance sales agent for Progressive from approximately May 30, 2017 until October 29, 2018, when Progressive wrongfully terminated his employment.

8. Plaintiff worked full-time (approximately 40 hours per week) and performed his job duties satisfactorily throughout his employment and, always, met or exceeded company objectives and standards.

9. Shortly after Plaintiff began working for Progressive in May 2017, he disclosed to his immediate supervisor, Christopher Smith, that he has type 1 diabetes. Plaintiff also advised Mr. Smith, on multiple occasions when Plaintiff was late or absent from work, that

2

his lateness or absence was the result of diabetes-related symptoms, including insulin reactions.

10. Despite disclosing his disability as the reason for his lateness and absences, Plaintiff was repeatedly disciplined by Progressive for purported violations of the company's attendance policy.

11. In April 2018, Progressive gave Plaintiff a written warning.

12. On May 25, 2018, Progressive gave Plaintiff a final written warning.

13. On or around May 22, 2018, Plaintiff submitted a request for intermittent leave under the FMLA.

14. On May 23, 2018, Carrie Esterle, a member of Progressive's leave of absence team, responded to Plaintiff's request and advised that Plaintiff was not eligible for FMLA leave due to Plaintiff's tenure. At that time, Plaintiff was one-week away from his one-year work anniversary with Progressive. Ms. Esterle declined to open a file in response to Plaintiff's request and advised Plaintiff to contact her again when he had additional absences on or after May 30, 2018, his one-year anniversary date.

15. Progressive did not offer Plaintiff any other accommodation at that time.

16. In July 2018, Plaintiff again submitted a request for intermittent leave under the FMLA.

17. On or around September 11, 2018, Progressive finally approved Plaintiff's request for intermittent leave under the FMLA.

18. Progressive refused to treat several absences or late occurrences between the date that Plaintiff submitted his request for intermittent leave under the FMLA and the date Progressive approved the request as excused absences and refused to apply Plaintiff's FMLA leave. As a result, Progressive treated these absences or late occurrences as unexcused violations of the company's attendance policy.

19. In October 2018, Plaintiff took several days off for a previously approved vacation.

3

20. Because Plaintiff had been hospitalized and otherwise absent for reasons related to his disability, he did not have enough accrued time off for the vacation. Although Plaintiff's manager could have approved allowing Plaintiff to use unpaid time off, he instead elected to treat the missed time (four hours) as an unexcused absence.

21. Because Progressive had treated numerous of Plaintiff's prior absences or late arrivals as unexcused violations of the company's attendance policy, even though they were related to Plaintiff's disability and even though some occurred after Plaintiff applied for FMLA leave, Progressive determined that Plaintiff had an "excessive" number of absences in a 12-month period and terminated Plaintiff's employment on October 29, 2018.

## Count I – FMLA Interference  (29 U.S.C. § 2615)

22. Plaintiff realleges and incorporates by reference all prior paragraphs as though fully set forth in Count I.

23. Progressive is an employer covered by FMLA because it is a company engaged in commerce and in an industry and activities affecting commerce. At all times relevant to this action, Progressive employed 50 or more employees for each working day during each of the 20 or more calendar workweeks in the current or preceding calendar year.

24. Plaintiff was an eligible employee entitled to leave under the FMLA. As of May 30, 2018, Plaintiff had been employed by Progressive for 12 months.

25. Plaintiff's diabetes constitutes a serious health condition, in that it is an illness that necessitates continuing treatment by a health care provider.

26. Plaintiff gave Progressive notice of his need to take intermittent FMLA leave, however, Progressive refused to initiate the FMLA approval process within one week of Plaintiff's eligibility, thereby interfering with Plaintiff's rights under the FMLA.

27. Progressive further interfered with Plaintiff's rights under the FMLA by refusing to apply Plaintiff's approved FMLA leave to his absences and late arrivals that were related to his serious health condition and discouraged Plaintiff from using his leave

4

by imposing complicated, unnecessarily cumbersome processes and arbitrary deadlines for submitting notifications when Plaintiff used his FMLA hours.

28. Progressive's interference with Plaintiff's rights under the FMLA was willful.

### Count II – FMLA Discrimination/Retaliation (29 U.S.C. § 2615)

29. Plaintiff realleges and incorporates by reference all prior paragraphs as though fully set forth herein.

30. Progressive unlawfully disciplined and ultimately discharged Plaintiff for taking intermittent leave under the FMLA.

31. Progressive's retaliation against Plaintiff was willful.

### Count III – Intentional Infliction of Emotional Distress

32. Plaintiff realleges and incorporates by reference all prior paragraphs as though fully set forth herein.

33. Progressive's conduct, as described in this Complaint, was extreme and outrageous and constituted a complete and willful disregard of Plaintiff's federally protected rights. Progressive either intended to cause emotional distress to Plaintiff, or recklessly disregarded the near certainty that such distress would occur.

34. Plaintiff did, in fact, experience severe emotional distress because of Progressive's actions.

35. Progressive's actions were willful, malicious, and done with an evil mind, or with reckless indifference to Plaintiff's rights, thereby warranting an award of punitive damages.

### Relief Sought

Plaintiff requests that judgment be entered in his favor against Progressive as follows:

A. For compensatory damages in the form of back and front pay, benefits, and other compensation to which Plaintiff would have been entitled if not for Progressive's wrongful conduct

B. Liquidated and other statutory damages;

C. Economic damages in an amount sufficient to compensate for his emotional distress;

D. Punitive damages;

E. Pre-judgment and post-judgment interest;

F. Attorneys' fees and costs; and

G. Such other and further relief as the Court deems just and proper.

## Jury Trial Demand

Plaintiff requests that, upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

DATED this 28th day of October 2020.

BLYTHE GRACE PLLC

 s/ *Robert S. Reder*
Robert S. Reder
Kiri T. Semerdjian
4040 East Camelback Road, Suite 275
Phoenix, Arizona 85018
Attorneys for Plaintiff